IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**WALTER JAMES**                                                                             **PLAINTIFF**

**V.**                          **NO. 3:16-CV-00348-BD**

**NANCY A. BERRYHILL, Acting Commissioner**
**Social Security Administration**                                       **DEFENDANT**

## ORDER

### I. Introduction:

On June 24, 2010, Walter James applied for disability benefits, alleging disability beginning on January 1, 2001. (Tr. at 110-113, 125) Mr. James's claims were denied initially and upon reconsideration. After conducting a hearing, an Administrative Law Judge ("ALJ") denied his application. (Tr. at 25) The Appeals Council denied his request for review. (Tr. at 1)

Thereafter, Mr. James filed a complaint in this Court. The Court reversed the ALJ's decision and remanded for further development of Vocational Expert ("VE") testimony. (Tr. at 454-463); *James v. Colvin*, No. 3:14-CV-26 JTK (E.D. Ark. Nov. 26, 2014). The Court found that the ALJ had not resolved a discrepancy between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Tr. at 461) The conflict arose from VE testimony that Mr. James could perform jobs with a level-three reasoning when the residual functional capacity ("RFC") limited him to simple work. The Court pointed to *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005), which held that jobs with a reasoning level of three were arguably inconsistent with an RFC for simple, concrete work. (Tr. at 461)

A second hearing was held on August 18, 2015. (Tr. at 347). The ALJ denied Mr. James's application. (Tr. at 358) The Appeals Council denied his request for review. (Tr. at 314) Thus, the ALJ's decision now stands as the final decision of the Commissioner, and Mr. James has requested judicial review. For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

## II. The Commissioner's Decision:

The ALJ found that Mr. James had not engaged in substantial gainful activity since the application date of June 24, 2010. (Tr. at 349) The ALJ found, at Step Two of the five-step analysis, that Mr. James has the following severe impairments: asthma, status-post open reduction internal fixation of right and left hip fracture, arthritis, hypertension, obesity, depression, and mild-to-borderline mental retardation. *Id*.

After finding that Mr. James's impairments did not meet or equal a listed impairment (Tr. at 349), the ALJ determined that Mr. James had the residual functional capacity ("RFC") to perform sedentary work with additional limitations. (Tr. at 351) He could only occasionally balance, stoop, crouch, crawl, kneel, and climb ramps and stairs; he would require a can for walking and balance; he would need to avoid concentrated exposure to dust, odors, gases, fumes, and extreme hot temperatures; he would be limited to simple, routine work with simple instructions with SVP of 1 or 2; and he would need a sit-stand option every 30 minutes for position change. (Tr. at 351-352)

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

The ALJ found that Mr. James had no past relevant work. (Tr. at 49) At Step Five, the ALJ relied on the testimony of a VE to find, based on Mr. James's age, education, work experience and RFC, that he was capable of performing work in the national economy as a surveillance system monitor and an order clerk. (Tr. at 358) Based on the determination, the ALJ held that Mr. James was not disabled. *Id*.

### III. <u>Discussion</u>:

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id. Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Mr. James's Arguments on Appeal

Mr. James argues that substantial evidence does not support the ALJ's decision to deny benefits. His sole argument is that the jobs identified by the VE involve level-three reasoning, as defined by the DOT, thereby exceeding the ALJ's RFC finding that James

3

could only perform simple, routine work with simple instructions. Thus, James argues, there was a conflict between the VE testimony and the DOT, which the ALJ failed to resolve.

The ALJ's limitation of Mr. James to simple, routine work arose from evidence that he was operating within the "moderate" retardation range (Tr. at 221) and that he would have difficulty sustaining concentration and persistence on basic work tasks. (Tr. at 212-213) Consultative examiner Mary Ellen Ziolko, Ph.D., found that Mr. James would be unable to complete work-like tasks within an acceptable timeframe. *Id*. Dr. Ziolko also noted, however, that Mr. James's effort was poor on his intellectual testing and that he was probably functioning higher than his IQ scores would suggest. (Tr. at 211)

State-agency consultative examiner William B. Little, Ph.D., examined Mr. James on October 29, 2010. (Tr. at 215-219) Dr. Little found that Mr. James was able to define simple words and solve simple addition and subtraction problems. (Tr. at 217) Dr. Little placed Mr. James in the borderline intellectual functioning range. (Tr. at 218) Mr. James does not dispute the ALJ's characterization of the medical evidence or the RFC limitation to simple, routine work.

Mr. James argues that such simple work does not correspond to the level-three reasoning jobs presented by the VE. Level-three reasoning is defined as applying "commonsense understanding to carry out instructions furnished in written, oral, or

diagrammatic form," and dealing "with problems involving several concrete variables in or from standardized situations." DOT, app. C, pt. III (1991 WL 688702 (4th ed. rev. 1991). Level-one reasoning is the ability to apply "commonsense understanding to carry out simple one or two step instructions." See *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010). Both the position of surveillance system monitor (DOT 379.367-010) and order clerk (DOT 209.567-014) are jobs requiring level-three reasoning.

The Eighth Circuit has repeatedly recognized that DOT definitions are "simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." *Id*. Nevertheless, before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); see also, Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

This Circuit has considered whether level-three reasoning exceeds the limitation to perform simple work, and found that "tension exists" between a claimant's ability to understand, remember, and follow simple, concrete instructions and working at a job that requires level-three reasoning. *Hillier v Social Sec. Admin.*, 486 F.3d 359, 366 (8th Cir. 2007).

The Eighth Circuit recently resolved the tension between reasoning levels in *Thomas v. Berryhill*, 2018 U.S. App. LEXIS 2813 (8th Cir. February 5, 2018), concluding that an RFC for simple 1-to-2 step tasks conflicted with work at a level-three reasoning requirement. The court wrote that "by incorporating the definition of level one reasoning into the RFC, the ALJ indicated 'that [the claimant] could perform only occupations at that reasoning level.'" *Id*. at 12; *see Moore*, 623 F.3d at 604. The court pointed out the conflict, stating that the VE "testified that the hypothetical individual was qualified to handle a job that the DOT classifies as two reasoning levels higher than the limitations in the RFC." *Thomas,* at 9. For that reason, the court explained, an apparent unresolved conflict existed between the VE testimony and the DOT. *Id.* An ALJ may not rely on unexplained expert testimony that someone with a particular RFC is qualified to do a job that the DOT describes as exceeding that RFC. *Id*; see also, *Montgomery v. Chater*, 69 F.3d 273, 275-77 (8th Cir. 1995).

So in this case, there is a discrepancy between the assigned RFC and the jobs the VE identified (level-one reasoning v. level-three reasoning), and the ALJ did not question the VE about that discrepancy. The ALJ merely asked the VE the boilerplate question of whether her testimony was consistent with the DOT, which did not resolve the conflict presented. (Tr. at 401) As set forth in *Thomas*, the ALJ should have done more than ask the expert to affirm that his testimony was consistent with the DOT. The ALJ was

6

obligated to ask the VE for a reasonable explanation of the conflict and then to determine whether the VE's testimony warranted reliance despite the conflict. *Thomas*, at 8.

This case was remanded once already by this Court for resolution of the apparent reasoning level conflict. Based on the *Thomas* holding, it is even more apparent that the ALJ in this case failed to follow the remand instructions and that the conflict presented demands further explanation from the VE. Therefore, the ALJ's decision requires reversal.

**IV.     Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to obtain VE testimony about the apparent conflict between the RFC and the DOT. The decision is hereby reversed and the case remanded with instructions for further review consistent with this opinion.

IT IS SO ORDERED this 8th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE